**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

KELLI MCCLAIN,

*Plaintiff*,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

*Defendant.*

---

## COMPLAINT

---

Plaintiff, Kelli McClain ("Ms. McClain"), by and through her counsel, McDermott Law, LLC, for her Complaint against Defendant Unum Life Insurance Company of America ("Unum"), states, alleges, and avers as follows:

### PRELIMINARY ALLEGATIONS

1.      This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction based on a federal question is predicated under these code sections and 28 U.S.C. § 1331. This action is brought to recover benefits under the terms of employee benefit plans, to enforce Plaintiff's rights under the terms of employee benefit plans, and to clarify Plaintiff's rights to future benefits under the plans. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of the benefit plans at issue herein, and attorneys' fees and costs.

2.      McKinsey & Company, Inc. ("McKinsey") hired Plaintiff, a resident and domiciliary

of the State of Colorado, on February 25, 2022.

3. As an "employee" of McKinsey, Plaintiff was a "participant" in and "beneficiary" of the McKinsey & Company, Inc. Employee Benefits Program ("Plan"), as those terms are defined by 29 U.S.C. § 1002(6), (7), and (8).

4. The Plan constitutes an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

5. The Plan included (among other benefits) a long-term disability income replacement benefits insured by Long-Term Disability Group Insurance Policy No. 451355 ("Policy"), issued by Defendant Unum.

6. The LTD policy was "issued in" Colorado as that phrase is defined by Colo. Rev. Stat. § 10-3-1116(8), and is, therefore, governed by Colorado law where applicable.

7. Unum is the insurer of benefits under the Policy, and Unum acted in the capacity of a claim administrator.

8. Unum is a Maine Corporation and is registered with Corporation Service Company and conducts business in the state of Colorado.

9. Pursuant to the terms and conditions of the Plan and the Policy, Plaintiff is entitled to long-term disability ("LTD") benefits for so long as Plaintiff remains disabled according to the terms of the Plan and Policy.

10. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

### FIRST CLAIM FOR RELIEF
**Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)**

11. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

12. During Plaintiff's employment and while she was covered under Policy, Plaintiff became entitled to LTD benefits under the terms and conditions of the Policy because the combined

2

effect of her medical conditions rendered her "disabled" as defined under the terms of the Policy.

13.     Plaintiff's date of disability was on or around April 6, 2023.

14.     Unum approved Ms. McClain's LTD benefits by letter dated December 27, 2023, under a reservation of rights.

15.     Unum then terminated Ms. McClain's claim for LTD benefits on January 3, 2024.

16.     On June 6, 2024, in full compliance with 29 U.S.C. § 1133, Ms. McClain submitted the mandatory internal appeal to Unum providing a thorough history of her medical visits; lists and explanations of her symptoms and diagnoses; an explanation as to why she cannot perform her occupation; letters from her doctors and medical records; and a Vocational Evaluation.

17.     On August 15, 2024, Unum provided Ms. McClain with the medical records reviews performed during the appeal and allowed her to respond to the reviews within fifteen days.

18.     Ms. McClain responded to Unum's updated medical reviews on August 30, 2024. Her response included multiple Attending Physician Statements, an update to the Vocational Evaluation, an updated testimonial letter from Ms. McClain, and arguments depicting the errors of Unum's medical reviews.

19.     Unum upheld its decision to terminate Ms. McClain's benefits on September 3, 2024.

20.     The claim file is devoid of any evidence that Unum's medical and vocational reviewers ever considered the additional information submitted by Ms. McClain in her response to the medical and vocational reviews.

21.     Defendant Unum breached the terms of the Plan and Policy. Furthermore, the Defendant violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan and Policy;

3

(b) Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the Plan and Policy for denying Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was terminated, Unum (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect her claims along with an explanation of why such material is or was necessary;

(d) Failing to adequately and in good faith investigate the merits of Plaintiff's disability claims and failing to provide a full and fair review of Plaintiff's claims properly and adequately;

(e) Failing to consider all medical records and opinions from Plaintiff's medical providers;

(f) Failing to consider the conclusions of Exam Works, who determined Plaintiff was incapable of performing the essential functions of her occupation and, therefore, was entitled to short-term disability (STD) benefits under the McKinsey STD plan;

(g) Failing to consider the conclusions of MetLife, who concluded Plaintiff' was totally disabled from performing her regular job or any other job for which she was fit by education training and experience, and, therefore, was entitled to waiver of premium benefits under the McKinsey life insurance policy.

(h) Elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers;

(i) Failing to engage in a meaningful dialogue with Plaintiff and her treating medical providers;

(j) Cherry-picking medical records that favored its self-interested adverse benefit

4

determinations;

(k) Ignoring Plaintiff's subjective symptoms even though they were observed or verified by others, including her treating medical providers;

(l) Failing to gather sufficient evidence to demonstrate that Plaintiff's medical conditions had improved to the point that she was no longer disabled and could reliably and consistently perform the material and substantial duties of her regular occupation; and

(m) Placing its financial interests ahead of Plaintiff's interests.

22. Plaintiff alleges that Defendant wrongfully denied her LTD benefits by other acts or omissions not alleged in this Complaint, but which may be found in the record or discovered in this litigation.

23. Following the denial of her LTD benefits, Plaintiff exhausted all administrative remedies required under ERISA and performed all duties and obligations required of her under the Plan and Policy.

24. Plaintiff has satisfied all conditions precedent to receive LTD benefits under the Policy.

25. Plaintiff is disabled and entitled to benefits provided by the LTD Policy.

26. As of the filing of this Complaint, Defendant has wrongfully withheld LTD benefits from Ms. McClain since January 3, 2024.

27. Defendant's wrongful withholding of Ms. McClain's LTD benefits has caused her to experience significant harms and losses – both economic and non-economic.

28. Defendant's adverse benefit determinations have compelled Ms. McClain to institute litigation to recover benefits and coverage owed to her under the Policy.

29. As a direct and proximate result of Unum's adverse benefit determination, Plaintiff

5

has been required to incur attorneys' costs and fees in pursuing this action for the LTD benefits owed under the respective Policy. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

30.    Defendant's acts and omissions have created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights and to clarify her right to future benefits under the terms of the Plan and Policy.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.    Declare that Plaintiff is entitled to LTD benefits under the Plan and LTD Policy;

2.    Order Defendant to pay all past-due LTD benefits owed under the Plan and LTD Policy from the date they became payable through the life of such benefits together with interest (both statutory and moratory) on each monthly payment from the date it became due;

3.    Order Defendant to pay Plaintiff's costs of suit, including reasonable attorneys' fees under ERISA § 502(g);

4.    Such other and further relief this Court deems just and proper.

Respectfully submitted this 9th day of October 2024 by:

**_s/MarySusan Kern_**
MarySusan Kern
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
(303) 964-1900 (fax)
*marysue@mcdermottlaw.net*

Plaintiff's Address
7069 Torrey Street
Arvada, CO 80007

6